[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OR DECISION
This is an action for dissolution of marriage made returnable to the Waterbury Superior Court.
The parties were married at Prospect, Connecticut on March 6, 1993. They both have resided in the State of Connecticut for at least twelve months before the commencement of this action. The court has the requisite jurisdiction to enter judgment in this matter.
In reaching the finding and orders entered herein, the court took into consideration the evidence and testimony in this case and also the proceedings before Judge William Murray on July 27, 1998 in the matter of CV 98 0146129 Marine Midland Bankvs. Bobrich. The court also took into consideration the provisions CT Page 11568 of Sections 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes as well as related statutes.
FINDINGS
The allegation that the marriage of the parties has broken down irretrievably has been established and a judgment dissolving the marriage of the parties on that ground is granted.
The parties have three minor children, Kristeen M. Bobrich, born August 3, 1985, Melissa Bobrich and Patricia Bobrich, both born March 5, 1988.
The defendant began living with the plaintiff and her daughter Kristeen in their Oakville apartment in June 1986. At that time the plaintiff was receiving state welfare.
Kristeen was adopted by the defendant in June, 1986. He is the father of Melissa and Patricia.
In April 1988 the parties moved to a home in Naugatuck. The title and mortgage were in the defendant's name alone. The plaintiff obtained Pell grants and began studying nursing while remaining on state welfare. In 1992 she became a registered nurse and began working. Her average weekly take home pay was approximately $560.00. In September 1992 she reportedly sustained a work related injury to her left knee and began to collect workers' compensation disability benefits. She later returned to work for one year and then received an increase in her permanency disability rating, stopped working and began receiving $328.00 per week in disability benefits. She was receiving that amount at the time of trial together with $225.00 per week child support for a total net weekly income of $553.00.
The plaintiff listed the equitable interest in the marital residence on her financial affidavit, but she testified in this case (and her attorney represented to Judge Murray in the foreclosure action on July 27, 1998) that she doesn't actually own the property, the defendant does. She rationalized her claim of ownership by citing her "equitable interest" in the property based upon mortgage payments made by her alone over the last two years. She also testified that she listed it on her financial affidavit because he and the defendant have "an understanding" that he will allow her to obtain his interest — apparently as part of this action for dissolution. It appears to this court CT Page 11569 that the plaintiff- and possible the defendant — is relying on a court — ordered transfer of title from him to her to possibly avoid an acceleration of the entire mortgage debt which may occur if the defendant were to simply quit-claim his interest to her pursuant to their "understanding."
The defendant testified that the title and the mortgage to the marital residence were taken out in his name alone because the parties realized that the plaintiff's financial and credit history would prevent them from obtaining a mortgage. He also testified that much of the sizable debt which appears on the plaintiff's financial affidavit was place on her to keep his credit rating good. The parties both testified that the reason they didn't marry before 1993 was to allow the plaintiff to qualify for her Pell grants for nursing school as a single mother without household income and to avoid credit problems when seeking a mortgage.
The testimony also permits a finding that the defendant forged the plaintiff's name on their 1996 federal tax refund check in the amount of $2,339.00 (plaintiff's Ex. 1).
The parties filed a stipulation that the plaintiff was to receive the entire 1997 income tax refund to offset the defendant's child support arrearage of approximately $2300.00.
The defendant reports an average gross weekly income from truck driving in the amount of $685.20, which, after deductions nets him $491.31. His financial affidavit of February 20, 1998 reported a gross income of $773.80 and a net of $534.15 (Plaintiff's Ex.3).
He also lists a pension valued at $1,123.00 per month at age 64 (Plaintiff's Ex.2).
The defendant further testified that regardless of their living arrangements, the parties were only married in 1993 and they "split" in 1995.
The evidence permits a finding that the parties have benefitted [benefited] from just about every form of state and private funding possible, including welfare, education grants, disability benefits and mortgage lending. They have manipulated their assets and liabilities to maximize their access to much of that funding, and the defendant has not ruled out the prospect of bankruptcy. CT Page 11570
 ORDERS
A. DISSOLUTION OF MARRIAGE
The marriage of the parties is dissolved and they are decreed to be single and unmarried.
B. CUSTODY AND VISITATION
The parties are to enjoy joint legal custody of their three minor children. The children's physical custody shall be with the plaintiff-mother. The defendant is to enjoy open, flexible and liberal visitation at a minimum being Saturdays from 9 a.m. to 9 p.m.; overnight visitation every other weekend pursuant to the satisfaction of the parties, and one week visitation during the children's summer vacation from school. There shall be no contact with the plaintiff's uncle, Henry Christianson, Jr. while the children are visiting.
C. CHILD SUPPORT
The defendant shall pay to the plaintiff child support consistent with the support guidelines which, based on the testimony at trial, is found to be $244.00 per week The court finds the defendant to be in arrears to the plaintiff for past due child support in the amount of $2,520.00, subject to correction for amounts paid since the trial. Said arrearage is to be paid by the defendant to the plaintiff within 60 days of the date of this judgment.
The defendant is to maintain medical insurance for the benefit of the minor children as it is available to him through his employment. If such insurance is not available to both the plaintiff and defendant through employment, they shall share the cost of such insurance equally. Any unreimbursed or uninsured necessary medical and dental expenses incurred for the benefit of the minor children shall be shared equally by the parties.
D. ALIMONY
The defendant is to pay to the plaintiff periodic alimony in the amount of $50.00 per week until the earliest of the following events: CT Page 11571
1. The death of either party.
2. The remarriage of the plaintiff.
 3. Cohabitation by the plaintiff as that term is defined by statute.
 4. Receipt by the plaintiff of a Workers' Compensation final settlement.
5. October 15, 2001.
E. BY WAY OF PROPERTY DISTRIBUTION 1. REAL PROPERTY
The defendant shall retain his right title and interest in and to the marital residence located at 64 Inwood Drive, Naugatuck Connecticut.
2. PERSONAL PROPERTY
The parties shall each retain the personal property listed on their respective financial affidavits, except as otherwise ordered herein.
F. MISCELLANEOUS ORDERS
1. LIFE INSURANCE
All life insurance policies now owned by the parties shall name the minor children as irrevocable beneficiaries until the youngest child attains the age of eighteen.
2. PENSION
The defendant shall convey twenty-five (25%) percent of the value of his employee pension plan to the plaintiff by a Qualified Domestic Relations Order which the defendant's counsel is ordered to prepare.
3. WORKERS' COMPENSATION CLAIM
The plaintiff shall retain all of her right, title and interest in and to the Workers' Compensation claim which she is presently CT Page 11572 maintaining.
4. INCOME TAX REFUNDS
The defendant shall pay to the plaintiff within 90 days from the date of this judgment the sum equal to one-half (1/2) of the federal and state tax refunds for the 1996 tax year.
5. WAGE WITHHOLDING
The defendant's obligation to pay child support and periodic alimony shall be secured by an immediate wage withholding order. Counsel for the plaintiff shall prepare and submit the requisite order form.
By the Court,
Joseph W. Doherty Judge